Honorable Wesley S. Miller State Representative, District 121 c/o House Post Office State Capitol Building Jefferson City, Missouri 65101
Dear Representative Miller:
This is in response to your request for an official opinion asking whether it is legal for a public school board to charge public school students who drive to school a parking fee for parking on school grounds.
Article IX, Section 1(a) of the Missouri Constitution provides:
 "A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law. . . ."
Although parking fees were not specifically discussed, the Missouri Supreme Court's recent decision invalidating registration and course fees indicates that Missouri has aligned itself with those jurisdictions which hold that the imposition of at least some fees is contrary to state constitutional provisions for "free public schools." Concerned Parents v. CaruthersvilleSchool District, 548 S.W.2d 554 (Mo. 1977). See also Paulson v.Minidoka County School District No. 331, 463 P.2d 935 (Idaho 1970); Bond v. Ann Arbor School District, 178 N.W.2d 484 (Mich. 1970); Granger v. Cascade County School District No. 1,499 P.2d 780 (Mont. 1972).
In Caruthersville, supra at 562, the Supreme Court of Missouri held there could be ". . . no admission charge (whether called tuition, registration fee or some other name) and no charge for instruction, which means no course fees." It remanded for trial the question of the constitutionality of requiring students to furnish materials and equipment for use in class. The court suggested that at trial the parties offer proof as to whether such items were "an integral part of free public schools in which there is gratuitous instructions" and whether "at the time the constitutional requirement was adopted, the people drafting and adopting the provision understood the language to encompass such things. . . ." Caruthersville, supra at 554.
Other tests formulated by courts which have held charges for books, supplies, equipment, or activities unconstitutional are whether the items are "necessary element of any school's activity", Paulson, supra; an "integral fundamental part of the elementary and secondary education", Bond, supra, or "reasonably related to a recognized academic and educational goal", Granger,supra.
Consistent with this approach, Attorney General Opinion No. 269, 1972, ruled that a school district may not charge fees for band instruments or materials for making products where those courses are offered for academic credit, but fees may be charged for extracurricular activities, for late library returns, and for lost or damaged school property.
The question which must be asked, therefore, is whether school parking privileges are an integral, fundamental part of the educational function of the school. An unstrained application of this principle leads to the conclusion that parking fees are constitutional because student parking on school grounds would not appear to be a necessary element or an integral, fundamental part of the school's activity. Nor could it be said that a parking lot is reasonably related to a recognized academic andeducational goal. Obviously, getting to school is necessary for education to occur but it has not been asserted that students cannot get to school unless parking on school property is provided. Therefore, providing student parking is not an "ordinary school expense", nor is it "peculiarly necessary" for using the school.
For these reasons, it is our view that a school district which provides space on its school grounds for student parking may constitutionally impose a reasonable fee for its use.
Having concluded there is no constitutional barrier to the imposition of student parking fees, an additional question which must be answered is whether school boards are empowered by any statute to charge such fees.
There is no statutory provision imposing a duty on a school board to provide parking with or without a fee. However, Section171.011 RSMo 1969, provides in relevant part:
 "The school board of each school district in the state may make all needful rules and regulations for the organization, grading and government in the school district. . . ."
In addition, Section 177.031, RSMo 1969, states in part:
 "1. The school board has the care and keeping of all property belonging to the district, . . . shall keep the schoolhouses and other buildings in good repair, the grounds belonging thereto in good condition, . . ."
We enclose Opinion No. 82, rendered September 2, 1970, to Representative Richard M. Marshall, which holds that a school district may lease or rent school real estate for a fair and reasonable consideration.
We believe such opinion is applicable in the premises. Under the reasoning in such opinion, it is our view that a school district board can impose reasonable fees for student parking on public school grounds.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 82, 9/2/70, Marshall